IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAUREL A. LEMKE,

        Plaintiff,

   v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

        Defendant.

No. CV 07-1363-HU

OPINION AND ORDER

**MOSMAN, J.**,

On December 8, 2008, Magistrate Judge Hubel issued Findings and Recommendation ("F&R") (#25) in the above-captioned case recommending that I AFFIRM the Commissioner's decision to deny disability benefits to Laurel Lemke. Ms. Lemke filed objections to the F&R (#26).

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474

PAGE 1 - OPINION & ORDER

U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

Ms. Lemke makes three objections that require additional examination. First, Ms. Lemke contends that the Administrative Law Judge ("ALJ") improperly failed to consider Ms. Lemke's cardiac condition or to make any finding regarding the severity of the condition. (Pl.'s Objs. (#26) 2.) Judge Hubel examined the evidence regarding Ms. Lemke's coronary artery disease and found that it was not severe. (F&R (#25) 35-36.) Thus, the ALJ's failure to discuss Ms. Lemke's cardiac condition was harmless error. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054-55 (9th Cir. 2006) (stating that harmless error standard applies).

Second, Ms. Lemke argues that the ALJ failed to use the "special technique" required by 20 C.F.R. § 404.1520a in assessing Ms. Lemke's mental impairments. (Pl.'s Objs. to F&R (#26) 3.)

> (1) Under the special technique, we must first evaluate your pertinent symptoms, signs, and laboratory findings to determine whether you have a medically determinable mental impairment(s) . . . (2) We must then rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c) of this section and record our findings as set out in paragraph (e) of this section.

20 C.F.R. § 404.1520a(b). Rating the degree of functional limitation requires looking at the "four broad functional areas in which we will rate the degree of your functional limitation: Activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." *Id.* § 404.1520a(c)(3). Federal courts may draw inferences from an ALJ's opinion, even when something is not specifically stated. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). A state agency psychologist found Ms. Lemke's limitations regarding activities

of daily living, social functioning, and concentration, persistence, and pace, to be mild and stated that she had no episodes of decompensation. (A.R. 166.)[1] The ALJ's use of the special technique may be inferred because the ALJ properly evaluated the evidence of Ms. Lemke's mental impairment and the functional limitations listed by the agency psychologist in the record. (A.R. 24.)

Third, Ms. Lemke contends that the ALJ was required to use a vocational expert ("VE") to determine what, if any, jobs she can perform because there are exertional and nonexertional restrictions in her residual functional capacity ("RFC"). (Pl.'s Objs. to F&R (#26) 4-5.) The ALJ included non-exertional/mental limitations in the RFC because of the significant number of prescription drugs Ms. Lemke was taking. (A.R. 25.) He therefore limited plaintiff to "simple, routine and repetitive tasks." (*Id.*) Plaintiff cites *Bellamy v. Secretary of Health & Human Services*, 755 F.2d 1380, 1383 (9th Cir. 1985), for the proposition that an ALJ may not rely on the Medical Vocational Guidelines ("grids") alone (i.e. must call a VE) when a nonexertional limitation exists. (Pl.'s Objs. to F&R (#26) 5.) In *Bellamy*, the court indicated that "*if* the grids fail to describe accurately a claimant's particular limitations, the Secretary may not rely upon the grids alone to show the availability of jobs for that claimant." *Id.* (emphasis added and citations omitted). However, the court noted that there were times when nonexertional limitations did not significantly limit exertional capabilities and a VE was unnecessary. *Id.* (citing *Odle v. Heckler*, 707 F.2d 439 (9th Cir. 1983)).

The starting point for determining nonexertional restrictions (when there are also exertional restrictions) is the grids. *See* SSR 83-14, *3. "In more complex situations, the assistance of a vocational resource may be necessary. The publications listed in sections 404.1566 and 416.966 of

[1] Citations A.R. refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer February 5, 2008 (Docket #14).

the regulations will be sufficient for relatively simple issues." SSR 83-14, *4. Here, the ALJ determined that Ms. Lemke could do all unskilled sedentary work under Medical-Vocational Rule 201.24.[2] "[U]nskilled work include the abilities . . . to understand, carry out, and remember simple instructions . . . unskilled jobs . . . constitute the potential occupational base for persons who can meet the mental demands of unskilled work." SSR 85-15, *4. The RFC indicates that plaintiff can meet the mental demands of unskilled work. This is a simple case where a VE is unnecessary; therefore, the ALJ's failure to use a VE was not error.

      Upon review, I agree with Judge Hubel's recommendation, and I ADOPT the F&R (#25) as my own opinion.

IT IS SO ORDERED.

      DATED this  2nd  day of February, 2009.

> /s/ Michael W. Mosman  
> MICHAEL W. MOSMAN  
> United States District Court

---

[2] Actually, the ALJ listed Rule 201.XX, apparently intending to fill in the proper number later. The description given matches 201.24. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 1.